599 So.2d 732 (1992)
FLAMINGO LAKE RV RESORT, INC., Appellant,
v.
DEPARTMENT OF TRANSPORTATION, Appellee.
No. 91-2014.
District Court of Appeal of Florida, First District.
June 2, 1992.
Michael W. Fisher and John S. Ball of Fisher, Tousey, Leas & Ball, Jacksonville, for appellant.
Thornton J. Williams, General Counsel, and Thomas F. Capshew, Asst. Gen. Counsel, Dept. of Transp., for appellee.

ON REHEARING
ERVIN, Judge.
Appellee's motion for rehearing is granted. Our opinion filed April 8, 1992 is withdrawn, and the following opinion is substituted therefor.
Appellant, Flamingo Lake RV Resort, Inc. ("Flamingo Lake"), operates a camping facility in Duval County at the interchange of I-295 and State Road 115 (Lem Turner Road). Flamingo Lake applied to the Department of Transportation (the department), pursuant to Section 479.26, Florida Statutes (Supp. 1990), and Florida Administrative Code Chapter 14-85, to participate in the logo sign program at the interchange. The department denied the application. After an administrative hearing, the hearing officer recommended denial of the application, and the department issued a final order denying the application. We reverse and remand.
The hearing officer concluded that Flamingo Lake qualified for the program under former rule 14-85.003(10), but that the rule was amended and replaced by rule 14-85.003(15), which eliminated Flamingo Lake's eligibility as a "rural interchange" for the logo sign program, on March 20, 1991, the day following the hearing at bar. In its final order, the department adopted the hearing officer's findings of fact and conclusions of law, but indicated that the amended rule did not apply retroactively to *733 Flamingo Lake's application. Sexton Cove Estates, Inc. v. Pollution Control Bd., 325 So.2d 468, 470 (Fla. 1st DCA 1976); Gulf Stream Park Racing Ass'n, Inc. v. Division of Pari-Mutuel Wagering, Dep't of Business Reg., 407 So.2d 263, 265 (Fla. 3d DCA 1981). Nevertheless, the department relied upon an incipient nonrule policy that prohibits logo sign panels from being erected at any interchange on I-295.
Section 479.26(2)(a) authorizes the department to determine "not to permit specific information panels in areas where the department deems their placement would be contrary to the overall purpose of this chapter as provided for in s. 479.015." (Emphasis added.) The department presented no evidence that placing sign panels at interchanges along I-295 would be contrary to the legislative intent contained in Section 479.015, Florida Statutes (1989). Moreover, we know of no authority that would legitimize an agency's adoption of a nonrule policy which takes away that which a properly promulgated rule explicitly provides.
Accordingly, we REVERSE the final order and REMAND this case with directions to the department to grant Flamingo Lake's application to participate in the logo sign program.[1]
BOOTH and ZEHMER, JJ., concur.
NOTES
[1] In so holding, we note that Section 479.26(3), Florida Statutes (Supp. 1990), provides that the department may adopt a procedure permitting a private business to "pay the initial cost for the erection of information panels."